[No. B175620. Second Dist., Div. Six. May 10, 2005.]

COALITION OF LABOR, AGRICULTURE & BUSINESS et al., Plaintiffs and Appellants, v.
COUNTY OF SANTA BARBARA BOARD OF SUPERVISORS et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

206

**COUNSEL**

William Hansult for Plaintiffs and Appellants.

Stephen Shane Stark, County Counsel, and Stephen D. Underwood, Assistant County Counsel, for Defendants and Respondents.

OPINION

**GILBERT, P. J.**—The Ralph M. Brown Act (Gov. Code, § 54950 et seq.; the Brown Act) is designed to encourage public participation in government.[1] To fulfill this purpose, it requires that public agencies conduct business and deliberate openly. Here we hold that the Brown Act does not require a county board of supervisors to allow members of the public to address it concerning whether an item should be placed on the agenda.

We also determine that the trial court did not abuse its discretion in denying plaintiffs' motion to compel discovery. We affirm.

## FACTS

The Coalition of Labor, Agriculture & Business and the Center for Environmental Equality (collectively COLAB) are nonprofit corporations. COLAB filed a complaint against the Board of Supervisors of the County of Santa Barbara (the Board) and Supervisors Gail Marshall, Susan Rose and Naomi Schwartz, alleging violations of the Brown Act. The allegations concern the timing of a recall election against Supervisor Marshall.

### *The Complaint*

The complaint alleged: Supervisors Marshall, Rose and Schwartz opposed the recall. They believed that Marshall would have a better chance of success if the recall election was held during the general election in November of 2002, instead of holding a special election during the summer. Sometime in 2001 or early 2002, Marshall, Rose and Schwartz formed a " 'collective concurrence' " by means of an informal secret meeting to assure that the recall election would be held in November of 2002.

On June 7, 2002, Supervisor Joni Gray made a timely request that an item be placed on the agenda for the Board's June 12, 2002, regular meeting. The item would be a discussion of the certification and timing of the recall election. Marshall, Rose and Schwartz blocked the item from being placed on the regular agenda.

At the June 12, 2002, meeting, Gray proposed that the certification and timing of the recall election be discussed as an ex-agenda item. Several members of the public filled out "speaker cards" expressing a desire to address the Board on the issue. Supervisor Marshall, as chair, refused to allow the public to speak. The Board as a whole discussed in open session

---

[1] All statutory references are to the Government Code unless otherwise stated.

whether to allow the proposed ex-agenda item. Marshall, Rose and Schwartz voted not to allow the proposed item to be placed on the agenda.

*Discovery*

COLAB made discovery requests of the defendants. Dissatisfied with the response, COLAB made a motion to compel. The trial court denied the motion. Thereafter, COLAB dismissed with prejudice its causes of action alleging that Marshall, Rose and Schwartz formed a " 'collective concurrence' " to hold the recall election in November by means of a secret meeting. The matter proceeded to trial regarding whether the public had a right to speak at the June 12, 2002, meeting on whether to place the timing of the recall election on the agenda.

*Trial*

The evidence showed that the regular meeting of the Board, set for June 11, 2002, had been cancelled. The June 12, 2002, meeting was not a regular meeting, but a budget meeting. At the June 12 meeting, Gray moved to have an ex-agenda item placed on the agenda. The item concerned setting the date of the recall election. The Board voted three to two, with Marshall, Rose and Schwartz in the majority, not to place the item on the agenda. Thereafter, COLAB's representative was given a chance to speak on the matter.

After trial, the court determined that the Brown Act did not compel the Board to allow the public to speak on what items would be placed on the agenda.

DISCUSSION

I

COLAB contends the Brown Act requires the Board to allow members of the public to address it on whether an item should be placed on the agenda.[2]

■ The Brown Act is designed to encourage public participation in government decisionmaking by requiring that public agencies take action and conduct deliberations openly. (§ 54950; *Bell v. Vista Unified School Dist.* (2000) 82 Cal.App.4th 672, 681 [98 Cal.Rptr.2d 263].)

---

[2] We recognize that the holding of the recall election may have rendered the issue moot. Nevertheless, we elect to decide the issue as a matter of continuing public interest. (*Beilenson v. Superior Court* (1996) 44 Cal.App.4th 944, 949 [52 Cal.Rptr.2d 357].)

■   Section 54954.2, subdivision (a), requires a local legislative body post its agenda at least 72 hours before a regular meeting. It also prohibits any action or discussion on an item not appearing on the posted agenda, except a brief response to statements made or questions posed by persons exercising their public testimony rights.

Subdivision (b) of section 54954.2 states exceptions to the 72-hour notice rule. It provides in part: "Notwithstanding subdivision (a), the legislative body may take action on items of business not appearing on the posted agenda under any of the conditions stated below. Prior to discussing any item pursuant to this subdivision, the legislative body shall publicly identify the item. [¶] . . . [¶] (2) Upon a determination by a two-thirds vote of the members of the legislative body present at the meeting . . . that there is a need to take immediate action and that the need for action came to the attention of the local agency subsequent to the agenda being posted as specified in subdivision (a)." Nothing in section 54954.2 requires public comment prior to the Board's determination whether to add an item to the agenda.

■   Section 54954.3, subdivision (a), governs the circumstances under which the public must be allowed to address a local legislative body. Section 54954.3, subdivision (a), provides in part: "Every agenda for regular meetings shall provide an opportunity for members of the public to directly address the legislative body on any item of interest to the public, before or during the legislative body's consideration of the item, that is within the subject matter jurisdiction of the legislative body, provided that no action shall be taken on any item not appearing on the agenda unless the action is otherwise authorized by subdivision (b) of Section 54954.2. . . . Every notice for a special meeting shall provide an opportunity for members of the public to directly address the legislative body concerning any item that has been described in the notice for the meeting before or during consideration of that item."

■   Section 54954.3, subdivision (a), requires the Board to allow members of the public to address it before or during consideration of an agenda item. The subdivision does not, however, require the Board to allow members of the public to address it on whether to place an item on the agenda. There is simply nothing in the Brown Act that requires such public comment.

Bereft of support in the letter of the Brown Act, COLAB urges that we consider its purpose. It is true that the purpose of the Brown Act is to encourage public participation in government decisionmaking. But the Legislature has determined the purpose is achieved when the public has notice of and the right to comment on an agenda item before or during its consideration. The Legislature has left to the public agency the task of setting its

agenda without public comment. There is nothing to indicate the Legislature's omission of public comment in setting the agenda was inadvertent. Rewriting the Brown Act to add provisions the Legislature omitted would not advance the Legislature's purpose and would be an unwarranted intrusion of the judiciary on the legislative branch.

## II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed. Costs are awarded to respondents.

Coffee, J., and Perren, J., concurred.

Appellants' petition for review by the Supreme Court was denied July 20, 2005. George, C. J., and Baxter, J., did not participate therein.

---

*See footnote *ante,* page 205.